IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROBERT E. MILLER, JR.,
No. 48707-019,

        Petitioner,

vs.                                    CIVIL NO.  13-01307-DRH

JOHN C. OLIVER,

        Respondent.

**MEMORANDUM AND ORDER**

**HERNDON, Chief Judge:**

      Petitioner Robert E. Miller. Jr., represented by counsel, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 32).  Miller is currently in the custody of the Federal Bureau of Prisons, housed at the United States Penitentiary in Marion, Illinois.  In 1998, Miller was convicted by a jury of manufacturing and distributing counterfeit currency in violation of 18 U.S.C. §§ 471, 473; solicitation to kill a witness, in violation of 18 U.S.C. §§ 373, 1512(a)(1)(A); and attempted murder of a witness, in violation of 18 U.S.C. §§ 1512(a)(1)(A), 2.  He is serving a 240 month sentence.  *See United States v. Miller*. No. 97-CR-496-01-ODE-GGB (N.D. Ga. Oct. 8, 1998).  According to the petition, Miller's direct appeal was unsuccessful, and a subsequent motion pursuant to 28 U.S.C. § 2255 was deemed untimely.

      Miller now seeks to upset his conviction and sentence for solicitation to kill a witness and attempted murder of a witness.  He contends that a post-trial

affidavit of Troy M. Plante (which is not appended to the petition), exonerates him and removes the government's *entire* basis for the solicitation and attempted murder charges.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts, a petition shall undergo preliminary review.  Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

It is possible, under very limited circumstances, for a prisoner to challenge his federal conviction or sentence under Section 2241.  28 U.S.C. § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a Section 2241 petition where the remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  *See United States v. Prevatte,* 300 F.3d 792, 798–99 (7th Cir. 2002).  "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense."  *In re Davenport,* 147 F.3d 605, 611 (7th Cir. 1998).  Miller contends he is actually innocent of the solicitation and attempted murder charges—without Plante's

testimony, there is no basis for the charges and no basis for jurisdiction; in any event, no reasonable juror could convict him without Plante's testimony.

The Seventh Circuit's recent decision in *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013), and the Supreme Court's decision in *McQuiggin v. Perkins*, __U.S.__ 133 S.Ct. 1924 (2013), illustrate that under the miscarriage of justice doctrine, a convincing actual innocence claim can overcome a wide array of procedural barriers to collateral relief.

There is insufficient information before the Court upon which to conclude that dismissal at this preliminary stage pursuant to Rule 4 is appropriate. Therefore, Respondent Oliver will be required to respond or otherwise plead.

**IT IS HEREBY ORDERED** that Respondent John C. Oliver shall answer the petition or otherwise plead within thirty days of the date this order is entered.[1]  This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 9 Executive Drive, Fairview Heights, Illinois 62208, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule

---

[1] The response date ordered herein is controlling.  Any date that CM/ECF should generate in the course of this litigation is a guideline only.  *See* SDIL-EFR 3.

72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral*.

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**February 6, 2014**

Digitally signed by
David R. Herndon
Date: 2014.02.06
10:45:19 -06'00'

**Chief Judge
United States District Court**