IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT E. MILLER, JR.,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )  Civil No.  13-cv-1307-CJP[1] |
| | ) |
| **JEFF S. WALTON,** | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM and ORDER

**PROUD, Magistrate Judge:**

Before the Court is respondent's Motion to Dismiss. **(Doc. 46)**. Petitioner filed a response in opposition at **Doc. 50**.

Through counsel, petitioner Robert E. Miller, Jr., filed an amended petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 at **Doc. 32**. He later filed four pleadings which are at issue here:

- Verified Interpleader Complaint for Breach of Contract **(Doc. 42)**;

- Verified In Rem Complaint **(Doc. 43)**;

- Request for Leave of Court for Discovery and Expansion of the Record **(Doc. 44)**; and

- Affidavit in Support **(Doc. 45)**.

These pleadings were filed by counsel, but were obviously prepared by Miller. Counsel was later granted leave to withdraw at Doc. 57.

---

[1] This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. §636(c).  See, Doc. 47.

1

Respondent moves to dismiss Docs. 42-45 as patently frivolous. He also moves to dismiss the amended petition based on an admission by petitioner that this Court has no jurisdiction over his §2241 petition.

## Procedural History

In 1998, petitioner Miller was convicted by a jury in the Northern District of Georgia of two counts of manufacturing and distributing counterfeit currency, one count of solicitation to kill a witness, and one count of attempting to murder a witness. He was sentenced to 110 months imprisonment on each of the counterfeiting counts, 240 months imprisonment on the solicitation count, and 240 months on the attempted murder count. The first three sentences were to run consecutively, and the last sentence was to run concurrently. The federal sentence was to run consecutively to any previously-imposed state sentence. Doc. 41, Ex. 2.

In July, 2006, Miller filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. §2255. That motion was denied as untimely. Doc. 41, Ex. 1. Miller has also filed a number of other legal actions, including successive §2255 motions and §2241 petitions. A list of Miller's numerous legal actions is at Doc. 41, Ex. 3.

## Analysis

**1.  Docs. 42 through 45**

The Court will not waste time setting forth a detailed analysis of Docs. 42 through 45. It suffices to say that petitioner seeks enforcement of a "maritime

lien" over funds allegedly held in a commodity account. He cites the Miller Act, 40 U.S.C. §102, et seq., as well as sections of the Uniform Commercial Code, and invokes in rem jurisdiction. In Doc. 42, he claims that he is "being detained in lieu of his performance related to the originally issued bonds under obligation no. 1:97-cr-496-01-ODE at USP Marion. . . with Respondent acting as custodian of the collateralized property. . . ." Doc. 42, p. 5.

In his response to the motion to dismiss, Miller says that he is seeking to bring an adverse claim against an account that is "a derivative to petitioner's commitment contract no. 1:97-cr-496-01-ODE. . . ." Doc. 52, p. 3. That is a reference to Miller's criminal case in the Northern District of Georgia, in which he filed similar pleadings. See, e.g., Docs. 364, 365 and 370 in 1:97-cr-496-01-ODE.

Docs. 42 through 45 are in the nature of "sovereign citizen" pleadings, and they are clearly frivolous. See, **El v. AmeriCredit Financial Services, Inc., 710 F.3d 748, 750-751 (7th Cir. 2013)**. These pleadings have no conceivable relevance to the issue raised in the amended §2241 petition. Furthermore, Miller knows or should know that such pleadings are frivolous, as other courts have reached the same conclusion about similar pleadings filed by him. See, *U.S. v. Miller*, Northern District of Georgia, 1:97-cr-496-ODE, Doc. 377; *Miller v. Miller*, Northern District of Georgia, 1:09-cv-1700-ODE, Doc. 61; and *Miller v. U. S.*, Northern District of Georgia, 1:10-cv-2996-CAP-GCB, Doc. 11.

2. **Amended §2241 petition, Doc. 32**

In Doc. 45, Miller refers to himself as "Petitioner/Claimant-Plaintiff," or

3

"PCP." On the first page of Doc. 45, he states:

> "PCP" is certain that the Court has no jurisdictional authority to entertain the current amended 2241 that is before the Court as is evidenced in Article 9, UCC Secured Transaction laws, and made obvious by the exhibits submitted by PCP who also provided the same and more to his counsel.

Citing this "admission," respondent urges the Court to dismiss the amended §2241 petition for lack of subject matter jurisdiction.

Regardless of Miller's "admission," this Court has subject-matter jurisdiction of the §2241 petition pursuant to 28 U.S.C. 1331. ***Harris v. Warden*, 425 F.3d 386, 388 (7th Cir. 2005)**. The Court will address the merits of the petition in a separate order.

## Conclusion

Respondent's Motion to Dismiss **(Doc. 46)** is **GRANTED** in part and **DENIED** in part as follows:

    1.    The Motion is **GRANTED** as to **Docs, 42, 43, 44 and 45**. **Docs. 42, 43, 44 and 45** are dismissed with prejudice.

    2.    The Court reserves the issue of an appropriate sanction against Miller and his former attorney for filing frivolous pleadings.

    3.    The Motion is **DENIED** as to the amended petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, **Doc. 32**.

**IT IS SO ORDERED.**

**DATE: April 28, 2014.**

                          **s/ Clifford J. Proud**
                          **CLIFFORD J. PROUD**
                          **UNITED STATES MAGISTRATE JUDGE**