IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT E. MILLER, JR.,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | Civil No.  13-cv-1307-CJP[1] |
| ) | |
| **JEFF S. WALTON** ) | |
| ) | |
| **Respondent.** ) | |

**MEMORANDUM and ORDER**

**PROUD, Magistrate Judge:**

Robert E. Miller, Jr., an inmate in the custody of the BOP, is before the Court seeking habeas relief under 28 U.S.C. §2241. Through counsel, he filed an amended petition for writ of habeas corpus under 28 U.S.C. §2241 at Doc. 32. Counsel was subsequently granted leave to withdraw. See, Doc. 57.

Miller argues that he is entitled to habeas relief on his convictions for solicitation to kill a witness and attempted murder of a witness because those convictions were based solely on the testimony of one witness, who has since recanted. Respondent argues that the petition must be denied because the remedy afforded by 28 U.S.C. §2255 was not inadequate or ineffective to test the legality of petitioner's detention.

**Relevant Facts and Procedural History**

In 1998, petitioner Miller was convicted by a jury in the Northern District of

---

[1] This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. §636(c).  See, Doc. 47.

1

Georgia of two counts of manufacturing and distributing counterfeit currency, one count of solicitation to kill a witness, and one count of attempting to murder a witness. He was sentenced to 110 months imprisonment on each of the counterfeiting counts, 240 months imprisonment on the solicitation count, and 240 months on the attempted murder count. The first three sentences were to run consecutively, and the last sentence was to run concurrently. Doc. 41, Ex. 2, at Docket Entry 135.

In July, 2006, Miller filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. §2255 in the Northern District of Georgia. In that motion, he argued that the only witness against him on the solicitation and attempted murder counts, Troy Plante, had since recanted his testimony. The court concluded that Miller had known of Plante's recantation for more than one year before filing his §2255 motion and, therefore, the motion was untimely. Doc. 41, Ex. 1.

The Eleventh Circuit Court of Appeals denied Miller's request for a certificate of appealability. Doc. 41, Ex. 2, at Docket Entry 230.

Miller has also filed a number of other legal actions, including successive §2255 motions and several §2241 petitions. A list of Miller's numerous postconviction filings is at Doc. 41, Ex. 3.

In February, 2011, the Eleventh Circuit denied Miller leave to file a second or successive §2255 motion, stating:

> In his application, Miller indicates that he wishes to raise two claims in a second or successive §2255 motion: (1) a freestanding actual-innocence

2

> claim, based on a material witness's apparent recantation of his trial testimony, and (2) a claim that his original §2255 motion should have been considered timely pursuant to 28 U.S.C. §2255(f)(4). He acknowledges that neither of his claims is based on either a new rule of constitutional law or newly discovered evidence, and that he presented both claims in his original §2255 motion. The district court's records show that an evidentiary hearing was held in the original § 2255 proceedings, during which Miller presented evidence of the witness's recantation and argued for application of §2255(f)(4). Therefore, Miller has not identified either a new rule of law or newly discovered evidence in support of his claims, and, thus, he has failed to meet the statutory requirements of §2255(h)(l)-(2).

*In re Robert Ethan Miller, Jr.*, Case No. 11-10498-F (11th Cir., February 24, 2011). The Eleventh Circuit's order was docketed in Miller's criminal case in the Northern District of Georgia at Doc. 341. See, Doc. 41, Ex. 2.

### Applicable Legal Standards

Generally, petitions for writ of habeas corpus under 28 U.S.C. §2241 may not be used to raise claims of legal error in conviction or sentencing, but are limited to challenges regarding the execution of a sentence. See, **Valona v. United States, 138 F.3d 693, 694 (7th Cir.1998).**

A federally convicted person may challenge his conviction and sentence by bringing a motion pursuant to 28 U.S. C. §2255 in the court which sentenced him. A §2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction." **Kramer v. Olson, 347 F.3d 214, 217 (7th Cir. 2003)**. A prisoner is generally limited to only one challenge of his conviction and sentence under §2255. A prisoner may not file a "second or successive" motion unless a panel of the appropriate court of appeals certifies that such motion contains either 1) newly discovered evidence "sufficient to establish by clear and convincing

evidence that no reasonable factfinder would have found the movant guilty of the offense," or 2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. §2255(h).

It is possible, under very limited circumstances, for a prisoner to challenge his federal conviction or sentence under §2241.  28 U.S.C. §2255(e) contains a "savings clause" which authorizes a federal prisoner to file a §2241 petition where the remedy under §2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e). See, **United States v. Prevatte, 300 F.3d 792, 798–99 (7th Cir.2002)**.  "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." **In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998)**

The Seventh Circuit has explained that, in order to fit within the savings clause following **Davenport,** a petitioner must meet three conditions.  First, he must show that he relies on a new statutory interpretation case rather than a constitutional case.  Secondly, he must show that he relies on a decision that he could not have invoked in his first §2255 motion *and* that case must apply retroactively.  Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice.  **Brown v. Caraway, 719 F.3d 583, 586 (7th Cir. 2013).**

See also, **Brown v. Rios**, 696 F3d 638, 640 (7th Cir. 2012).

## Analysis

A claim fits within the savings clause where the remedy provided by §2255 is "inadequate or ineffective to test the legality of his detention." In order to show that §2255 is inadequate, a petitioner must "first show that the legal theory he advances relies on a change in law that both postdates his first §2255 motion (for failure to raise a claim the first time around does not render §255 'inadequate') and 'eludes the permission in section 2255 for successive motions.'" **Kramer v. Olson**, 347 F.3d 214, 217 (7th Cir. 2003), citing *Davenport*, 147 F.3d at 611. Where the claim being advanced in the §2241 petition could have been, or was, advanced in a prior §2255 motion, the remedy offered by §2255 is not inadequate or ineffective. **Taylor v. Gilkey**, 314 F.3d 832, 835-836 (7th Cir. 2002); *Davenport*, 147 F.3d at 609.

The claim being advanced here was raised in Miller's initial §2255 motion. The Northern District of Georgia held an evidentiary hearing which stretched over several days. See, Transcript, Doc. 3, Ex. 2.[2] That court determined that the motion was not timely filed because it was filed more than a year after Miller learned that Troy Plante recanted his prior testimony. Doc. 41, Ex. 1.

The fact that the motion was not timely filed does not serve to make the §2255 remedy inadequate or ineffective. A petitioner cannot "lever his way into section 2241 by *making* his section 2255 remedy inadequate…." **Morales v.**

---

[2] Doc. 3 is original §2241 petition. The amended petition, Doc. 32, refers to the exhibits attached to Doc. 3.

5

***Bezy*, 499 F.3d 668, 672 (7th Cir. 2007)**(emphasis in original).  See also, ***Hill v. Werlinger*, 695 F. 3d 644, 648-649 (7th Cir. 2012)**, holding that §2255 is not inadequate or ineffective where the claim could have been presented in a direct appeal or a §2255 motion.

Petitioner cites no authority holding that failure to file a timely §2255 motion authorizes the petitioner to proceed under §2241.  In the counselled memorandum attached to the amended petition, petitioner argues at length that the untimely filing was caused by his previous counsel's error.  That amounts to an argument that the time period for filing his §2255 motion should be equitably tolled.  Such an argument must be addressed to the Eleventh Circuit, and not to this Court.  Petitioner also seems to be suggesting that the Northern District of Georgia and/or the Eleventh Circuit erred in dismissing his motion as untimely, However, even if that decision were erroneous, that circumstance would not serve to make §2255 inadequate or ineffective.  ***Taylor*, 314 F.3d at 835-836.**

Lastly, the Court recognizes that petitioner argues that his claim of actual innocence meets the standard enunciated ***Schlup v. Delo*, 115 S. Ct. 851 (1995).**  A credible claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. "  ***Schlup,* 115 S. Ct. at 865.**

Actual innocence is not a freestanding basis for habeas relief.  Rather, "a credible showing of actual innocence may allow a prisoner to pursue his

constitutional claims (here, ineffective assistance of counsel) on the merits notwithstanding the existence of a procedural bar to relief." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013), *McQuiggin* reaffirmed the *Schlup* standard for a credible showing of actual innocence, cautioning that "tenable actual-innocence gateway pleas are rare" and describing the *Schlup* standard as "demanding" and "seldom met." *McQuiggin*, 133 S. Ct. at 1928.

Miller's claim of actual innocence does not carry the day. First, it is highly questionable whether Plante's recantation is sufficient to meet the demanding *Schlup* standard. Secondly, Miller has not identified any constitutional defect in his conviction. Notably, Plante's affidavit establishes that the prosecution was not aware that his testimony was (allegedly) untrue. See, Affidavit, Doc. 3. Ex. 1. The proposition that Plante lied at Miller's trial, without more, does not establish a constitutional violation. See, *Tabor v. Scott*, 251 F.3d 1125, 1130 (7th Cir. 2001). Lastly, the holding of *McQuiggin* is that a credible claim of actual innocence can serve to excuse procedural default. Miller's §2241 petition is not barred by procedural default; it is barred by 28 U.S.C. §§ 2244(a) and 2255(e). Any argument that actual innocence presents cause for excusing the late filing of his §2255 motion must be presented to the Eleventh Circuit, and not to this Court.

## Conclusion

Robert E. Miller, Jr.'s Amended Petition for a Writ of Habeas Corpus Under 28 U.S.C. §2241 **(Doc. 32)** is **DENIED**. This case is **DISMISSED WITH**

**PREJUDICE**.

The Clerk of Court shall enter judgment in favor of respondent.

**IT IS SO ORDERED.**

**DATE:  April 30, 2014.**

<u>**s/ Clifford J. Proud**</u>
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**